UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JONATHAN J. BARTHALOW, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>)<br>Respondent. ) | No. 2:21-cv-00031-JPH-DLP |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Jonathan Barthalow filed this petition for writ of habeas corpus challenging his custody pursuant to a 2018 Indiana conviction for burglary. The respondent has moved to dismiss the petition, arguing that Mr. Barthalow's claims are untimely and procedurally defaulted. In his response, Mr. Barthalow argues the merits of his claims but makes no argument about timeliness or default. As explained below, the petition for writ of habeas corpus is **DISMISSED** as untimely.

**I.     Background**

Mr. Barthalow and his brother entered someone else's house where they believed Joshua Mays was hanging out because they heard that Mr. Mays had threatened to hit their sister. *Barthalow v. State*, 119 N.E.3d 204, 207 (Ind. Ct. App. 2019). The men beat up Mr. Mays and tried to throw him out the window before fleeing. *Id.* Mr. Barthalow was convicted of burglary and sentenced to a 10-year prison term. *Id.* at 208. Mr. Barthalow appealed, and the Indiana Court of Appeals affirmed on February 20, 2019. *Id.* at 212. The respondent asserts, and Mr. Barthalow does not dispute, that he did not petition for transfer to the Indiana Supreme Court. Dkt. 10 at 1; *see* dkt. 1 at 2 (Mr. Barthalow circling "No" for the question "Did you seek further review by a higher state court [on direct appeal]?").

On August 14, 2020, Mr. Barthalow filed a petition for writ of habeas corpus in state court. Dkt. 10-6.[1] The trial court dismissed the petition five days later. Dkt. 10-7. Mr. Barthalow then filed a motion to dismiss his conviction in state court on November 20, 2020. Dkt. 10-9. The trial court denied that motion within two weeks. Dkt. 10-10. On December 15, 2020, Mr. Barthalow moved to certify the trial court's order dismissing the petition for writ of habeas corpus. Dkt. 10-12. The trial court dismissed the motion three days later. Dkt. 10-13.

On January 14, 2021, Mr. Barthalow filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court. Dkt. 1.

## II.     Applicable Law

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[1] The Court appreciates that respondent's counsel has filed and cites to the relevant state court filings and does not rely solely on chronological case summaries.

### III. Discussion

Mr. Barthalow's petition is untimely. His conviction became final on April 8, 2019, the deadline for filing a timely petition to transfer on direct appeal. 28 U.S.C. § 2244(d)(1)(A) (conviction final when time for seeking direct review expires); *see* Ind. App. R. 57(C) (petition to transfer must be filed within 45 days after adverse decision by court of appeals). The limitation period then ran for one year before expiring on April 8, 2020. *Cf. United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (applying 28 U.S.C. § 2255(f) and holding that "[t]he anniversary date will be the last day to file even when the intervening period includes the extra leap year day.").

Mr. Barthalow filed an application for state collateral review in August 2020, but this was too late to toll § 2244's limitation period. *See Fernandez v. Sternes*, 227 F.3d 977, 978−79 (7th Cir. 2000) (finding that it is illogical to toll a limitation period that has already passed). The same is true for Mr. Barthalow's later state court filings.

The following table summarizes the key dates:

| Conviction Final | April 8, 2019 | 366 days left in limitation period |
| --- | --- | --- |
| Federal Habeas Petition Due | April 8, 2020 | 0 days left in limitation period |
| State Habeas Petition Filed | August 14, 2020 | 128 days beyond limitation period |
| Federal Habeas Petition Filed | June 2, 2020 | 281 days beyond limitation period |

Mr. Barthalow does not offer any basis to excuse the petition's untimeliness. The petition is therefore subject to dismissal under 28 U.S.C. § 2244(d). The Court need not address respondent's alternative argument for dismissal based on procedural default.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about whether the procedural ruling was correct and about the merits of at least one underlying constitutional claim. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree that Mr. Barthalow's claims are barred by the statute of limitations, so the Court denies a certificate of appealability.

V.   Conclusion

The respondent's motion to dismiss, dkt. [10], is **GRANTED**. The petition for writ of habeas corpus is **DISMISSED**. Final judgment shall now enter. Mr. Barthalow's motion for copies, dkt. [16], is **GRANTED** to the extent that a copy of this Order will be distributed to him. The Court **DENIES** a certificate of appealability. Final judgment shall now enter.

**SO ORDERED.**

Date: 12/10/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JONATHAN J. BARTHALOW
166519
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov